UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO RAMOS CIFUENTES,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No. 5:26-cv-01708-SSC<br><br><br>MEMORANDUM AND ORDER |

On April 8, 2026, Petitioner Roberto Ramos Cifuentes filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen who is in immigration detention at the Adelanto ICE Detention Facility.  (*Id.* at 2, 5.)

The petition alleges the following facts.  Petitioner entered the United States many years ago and has resided here continuously.  (ECF 1 at 7.)  He has resided in the United States since 2000 and has had "no negative contact with any police force."  (*Id.*)  Petitioner is married and the father of five children, two of whom reside in the United States.  (*Id.*)  He was detained by ICE on April 5, 2026, while he was driving in San Bernardino on his way to work.  (*Id.*)  He was then transferred to the San Bernardino sub-office and finally to Adelanto Detention Facility.  (*Id.*)  ICE/DHS issued a Notice to Appear charging

inadmissibility under Immigration and Nationality Act § 212(a)(6)(A)(i) ("present without admission").  (*Id.*)  *See* 8 U.S.C. § 1182(a)(6)(A)(i).

Petitioner claims that he is being unlawfully detained under 8 U.S.C. § 1225(b)(2)(A) and pursuant to the Board of Immigration Appeals' decision in *Matter of Jonathan Javier Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) when he in fact should be classified as eligible for a bond hearing under 8 U.S.C. § 1226(a).  (ECF 1 at 3, 7–10.) Petitioner seeks release or, in the alternative, a bond hearing at which the government bears the burden of proof by clear and convincing evidence.  (*Id.* at 4, 11.)  In the two-paragraph answer, Respondents included the following: "The Respondents are not presenting an opposition argument at this time to Petitioner's request for a bond hearing."[1]  (ECF 8 at 2.)  Petitioner did not file a response.

Because the parties apparently agree that Petitioner is entitled to a bond hearing, the Court grants the petition as to that relief.  Further, as Respondents have provided no information about Petitioner, the Court accepts Petitioner's assertion that he is eligible for a bond hearing under 8 U.S.C. § 1226(a) and therefore orders the bond hearing

---

[1] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).  Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).  In our adversarial system, the judge does not act as inquisitor, conducting the "legal investigation himself." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991).

to be held pursuant to the procedural requirements relevant to that statute.

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **April 29, 2026**, he is provided with a bond hearing at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings.

DATED: April 21, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

3